MORGAN, LEWIS & BOCKIUS LLP
Michael D. Weil, Bar No. 209056
michael.weil@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001

Attorneys for Petitioners
TESLA MOTORS, INC. and ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESLA MOTORS, INC. and ELON MUSK,<br><br>Petitioners,<br><br>vs.<br><br>CHRISTINA BALAN,<br><br>Respondent. | Case No.  3:21-cv-9325<br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

Petitioners, TESLA MOTORS, INC., and ELON MUSK, ("Petitioners"), by and through

their attorneys, MORGAN, LEWIS & BOCKIUS LLP, for its Petition to Confirm Arbitration

Award against CHRISTINA BALAN ("Respondent" or "Ms. Balan") allege as follows:

## SUMMARY OF PROCEEDINGS

1.      Tesla Motors Inc., ("Tesla"), and Elon Musk seek judicial confirmation of an arbitration

award rendered against a former employee, Ms. Balan.

2.      On January 15, 2019, Ms. Balan filed a lawsuit against Tesla for defamation in the United

States District Court for the Western District of Washington.  Complaint, *Balan v. Tesla Motors

Inc.*, No. C19-67 MJP (W.D. Wash. Jan. 15, 2019), ECF No. 1.  Ms. Balan's defamation claim

was based on a statement made by Tesla on September 11, 2017.  *Id.* at 2.

3.      On April 18, 2019, Tesla filed a motion to compel arbitration on the grounds that Ms.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PETITION TO CONFIRM ARBITRATION
AWARD

DB2/ 41890784.2

Balan's claims were subject to a mandatory arbitration agreement contained in her employment agreement with Tesla.  Motion to Compel Arbitration, *Balan v. Tesla Motors Inc.*, No. C19-67 MJP (W.D. Wash. Apr. 18, 2019), ECF No. 17.  The arbitration agreement provided that the arbitration should be conducted before JAMS in San Francisco, California.  The arbitration agreement further provided that California law would apply to Ms. Balan's claims.  *See* Declaration of Nicole White in Support of Motion to Compel Arbitration at 14, *Balan v. Tesla Motors Inc.*, No. C19-67 MJP (W.D. Wash. Apr. 18, 2019), ECF No. 18.

4.      On June 27, 2019, the district court granted in part and denied in part Tesla's motion to compel arbitration, ordering that the litigation of some of the alleged defamatory statements were subject to arbitration and some were not, thereby splitting Ms. Balan's claims.  *Balan v. Tesla Motors, Inc.*, No. C19-67 MJP, 2019 WL 2635903 (W.D. Wash. June 27, 2019).

5.      On or about July 12, 2019, Ms. Balan filed a demand for arbitration with JAMS in San Francisco regarding the claims that the district court held were subject to arbitration.

6.      On July 29, 2019, Tesla filed an appeal of the district court's order.  Notice of Civil Appeal, *Balan v. Tesla Motors Inc.*, No. C19-67 MJP (W.D. Wash. July 29, 2019), ECF No. 42.

7.      On August 9, 2019, the employment arbitration commenced before JAMS.  A copy of the notice of commencement of the arbitration is annexed hereto as Exhibit "A".

8.      On September 3, 2019, the Honorable Richard J. McAdams (Ret.) was appointed as an Arbitrator.  A copy of the appointment of arbitrator is annexed hereto as Exhibit "B".

9.      On July 8, 2020, the Arbitrator granted a stay of the arbitration pending the appeal before the Ninth Circuit.  A copy of the order is annexed hereto as Exhibit "C".

10.     On March 22, 2021, the Ninth Circuit issued its Memorandum decision reversing the district court's partial denial of Tesla's motion to compel arbitration and ordering that Balan's entire defamation claim was subject to mandatory arbitration.  *Balan v. Tesla, Inc.*, 840 F. App'x 303 (9th Cir. 2021).

11.     On April 22, 2021, the district court issued its order closing the case.  Order Closing Case, *Balan v. Tesla Motors Inc.*, No. C19-67 MJP (W.D. Wash. Apr. 22, 2021), ECF No. 75.

12.     On May 24, 2021, Ms. Balan amended her Demand for Arbitration to add Mr. Musk as a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PETITION TO CONFIRM ARBITRATION
AWARD

DB2/ 41890784.2

party and asserted a separate defamation claim against him based on an allegedly defamatory statement made two years earlier in August 2019.

13.     On June 15, 2021, Tesla and Mr. Musk filed an Answer to Ms. Balan's Amended Demand, which included a statute of limitations defense to each defamation claim.

14.     On September 22, 2021, Petitioners filed a Motion to dismiss Ms. Balan's defamation claims asserting that the defamation claims were each time-barred under California's one-year statute of limitations.

15.     On November 3, 2021, the Arbitrator granted Petitioners' Motion to Dismiss and issued an Award providing for a complete defense to all of Ms. Balan's claims.  A copy of the order and award is annexed hereto as Exhibit "D".  The Arbitrator found that each of Ms. Balan's claims are time-barred by the one-year California statute of limitation for defamation claims.  For the first claim against Tesla, the Arbitrator concluded that none of Ms. Balan's reasons presented in her opposition serve as a cognizable basis for finding an exception to the applicable one-year California statute.  As for the second claim against Mr. Musk, the Arbitrator found the claim is likewise time-barred.  Additionally, the Arbitrator concluded that Ms. Balan presented no evidence that Tesla or Ms. Musk individually prevented or dissuaded Ms. Balan from pursuing litigation or arbitration based on the purported defamatory statements that were allegedly made on September 11, 2017 and August 7, 2019.

16.     Tesla and Elon Musk now seek an order from this Court under the Federal Arbitration Act 9 U.S.C. § 9, confirming the Arbitration Award dated November 3, 2021 rendered in an arbitration before JAMS Arbitration and entry of judgment against Ms. Balan thereon pursuant to 9 U.S.C. § 13.

## PARTIES

17.     Tesla is a corporation that is incorporated in the State of Delaware and has its principal place of business in California.

18.     Elon Musk is the Corporate Executive Officer ("CEO") of Tesla and a resident of Texas.

19.     Upon information and belief, Ms. Balan is an individual who resides in Mukilteo, Washington. Upon information and belief, respondent is a citizen of Romania.  Ms. Balan was a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 41890784.2

3

PETITION TO CONFIRM ARBITRATION
AWARD

former employee of Tesla from August 2, 2010 through January 18, 2013, and from June 18, 2013 through April 16, 2014. She was employed by Tesla as Senior CAD Design Engineer responsible for certain automotive design projects.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

21. Venue is proper in this judicial district pursuant to 9 U.S.C. § 9 because the arbitration award was made in this district.

## FACTS

22. Attached hereto as Exhibit "E" is a true and correct copy of the arbitration agreement between the parties.

23. Attached hereto as Exhibit "D" is a true and correct copy of order and Arbitration Award dated November 3, 2021, but not served until November 23, 2021.

24. The Award has not been vacated under 9.U.S.C. § 10, or modified or corrected under 9 U.S.C. § 11.

25. Pursuant to 9 U.S.C. § 9, Petitioner has brought this action within one year after the Award was made on November 3, 2021.

## CLAIM FOR RELIEF

26. Petitioner repeats and realleges paragraphs 1 through 25 hereof, as if fully set forth within.

27. Section 9 of the Federal Arbitration Act requires that a Court confirm an Arbitrator's Award, upon application made within one (1) year, unless the Award is vacated, modified, or corrected under Section or 11 of the Federal Arbitration Act.

28. Petitioner brings this application within (1) year of the Arbitration Award.

29. The Arbitration Award is a final and binding resolution of the dispute between Petitioners and Ms. Balan which now requires confirmation by this Court to effectuate the relief contained therein.

30. By reason of the foregoing, the court should issue an order confirming the Arbitration

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 41890784.2

4

PETITION TO CONFIRM ARBITRATION
AWARD

1    Award annexed hereto as Exhibit "D" by JAMS Arbitration dated November 3, 2021 and direct

2    that judgment be entered thereon.

3         **WHEREFORE**, Petitioner respectfully requests that this Court issue an order pursuant to

4    9 U.S.C. § 9:

5              **a.**  Confirming the Arbitration Award annexed hereto as Exhibit "D" by JAMS

6                   Arbitration dated November 3, 2021,

7              **b.**  Order Ms. Balan to comply with the terms of the Arbitration Award dated

8                   November 3, 2021; and

9              **c.**  Award the Petitioner such other and further relief as this Court deems just and

10                  proper.

11

12   Dated:  November 24, 2021                    Respectfully Submitted,

13                                                MORGAN, LEWIS & BOCKIUS LLP

14

15                                        By   _/s/ Michael D. Weil_

16                                                Michael D. Weil
                                                 Attorneys for Petitioners
17                                               TESLA MOTORS, INC. and ELON
                                                 MUSK

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 41890784.2

5

PETITION TO CONFIRM ARBITRATION
AWARD

# EXHIBIT A



# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES                                    August 9, 2019

        RE:      **Balan, Cristina vs. Tesla Motors, Inc.**
                JAMS Ref. No. : 1100106402

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter.

This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules. All arbitrations at JAMS are conducted in accordance with the attached Fee Schedule and Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability.

Enclosed is a list of available Arbitrators. The parties are encouraged to mutually agree to an arbitrator. If the parties are unable to mutually agree to an arbitrator, then using the following list of arbitrator candidates each party may strike two (2) and rank the remaining candidates in order of preference. The deadline for return of your strike list is close of business on **Friday, August 16, 2019** [Note: Strike lists should not be exchanged amongst the parties.]:

        Hon. Robert A. Baines (Ret.)

        Hon. Cecily Bond (Ret.)

        Hon. Lynn Duryee (Ret.)

        Michael J. Loeb, Esq.

        Hon. Harry W. Low (Ret.)

        Hon. Richard J. McAdams (Ret.)

        Lawrence R. Mills, Esq.

Resumes and rules are available on our website www.jamsadr.com or by contacting me.

If a party fails to respond to the list of arbitrator candidates in a timely manner, that party shall be deemed agreeable to all the proposed candidates. JAMS will then confirm the appointment of the arbitrator and begin scheduling.

The arbitrator shall bill in accordance with the attached Fee Schedule.  JAMS will administer the arbitration consistent with the enclosed JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness.  According to this Policy, the only fee a consumer employee may be required to pay is $400 of the Filing Fee.  All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancellation/Continuance policy.  Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees unless we can fill the reserved but unused time with another matter.

Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party.  In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

**Out of State Attorneys in California Arbitrations, please note**:

The California legislature, effective January 1, 2007, has changed the process by which out-of-state attorneys may participate in non-judicial arbitrations occurring in California.  See www.calbar.ca.gov for requirements.

If you have questions, please contact me directly at 415-774-2609.  We look forward to working with you.

Sincerely,


John M. Peterson

Assistant Manager

jpeterson@jamsadr.com



# JAMS POLICY ON EMPLOYMENT ARBITRATION MINIMUM STANDARDS OF PROCEDURAL FAIRNESS

This document presents the principles and policies of JAMS on the use of arbitration for resolving employment-related disputes. These policies include the Minimum Standards of Procedural Fairness, which apply to arbitrations based on pre-dispute agreements that are required as a condition of employment. JAMS will administer mandatory arbitrations in employment cases only if the arbitration provision complies with JAMS Minimum Standards.

JAMS continues to urge employers and employees to use, at the earliest point possible, mediation and other ADR processes that encourage consensual resolution of disputes in a fair, affordable and efficient manner. We also recommend that employers consult with counsel when considering, drafting or implementing pre-dispute arbitration clauses that relate to statutory employment claims.

## A. Preference for Mediation and Voluntary Arbitration

JAMS encourages the use of mediation and of voluntary arbitration that is not a condition of initial or continued employment. JAMS does not take a position on the enforceability of condition-of-employment arbitration clauses, but it monitors developments in courts, legislatures and regulatory agencies concerning the enforceability of the clauses. If courts rule definitively that such clauses are unenforceable, or if laws or regulations proscribe their use, JAMS will comply with the rulings or laws in the applicable cases or jurisdictions. Absent such proscriptions, JAMS accepts arbitration assignments based on condition-of-employment clauses (provided the Minimum Standards are met) but does not encourage the use of such clauses.

## B. Minimum Standards of Procedural Fairness

If an arbitration is based on a clause or agreement that is required as a condition of employment, JAMS will accept the assignment only if the proceeding complies with the Minimum Standards of Procedural Fairness for Employment Arbitration.

## Standard No. 1:
## All Remedies Available

All remedies that would be available under the applicable law in a court proceeding, including attorneys fees and exemplary damages, as well as statutes of limitations, must remain available in the arbitration. Post-arbitration remedies, if any, must remain available to an employee.

*Comment:* This standard does not make any change in the remedies available. Its purpose is to ensure that the remedies available in arbitrations and court proceedings are the same. JAMS does not object if an employer chooses to limit its own post-arbitration remedies.

## Standard No. 2: Arbitrator Neutrality

The arbitrator(s) must be neutral, and an employee must have the right to participate in the selection of the arbitrator(s).

## Standard No. 3:
## Representation by Counsel

The agreement or clause must provide that an employee has the right to be represented by counsel. Nothing in the clause or procedures may discourage the use of counsel.

## Standard No. 4: Access to
## Information/Discovery

The procedures must provide for an exchange of core information prior to the arbitration.

*Comment:* Generally, this discovery should include at least (a) exchange of relevant documents, (b) identification of witnesses and (c) one deposition for each side, i.e., of the employee and of a supervisor or other decision-maker of the employer. Other discovery should be available at the arbitrator's discretion.

## Standard No. 5:
## Presentation of Evidence

At the arbitration hearing, both the employee and the employer must have the right to (a) present proof, through testimony and documentary evidence, and (b) cross-examine witnesses.

## Standard No. 6: Costs and Location Must Not Preclude Access to Arbitration

An employee's access to arbitration must not be precluded by the employee's inability to pay any costs or by the location of the arbitration. The only fee that an employee may be required to pay is the initial JAMS Case Management Fee. All other costs must be borne by the company, including any additional JAMS Case Management Fees and all professional fees for the arbitrator's services. In California, the arbitration provision may not require an employee who does not prevail to pay the fees and costs incurred by the opposing party.

*Comment:* JAMS does not preclude an employee from contributing to administrative and arbitrator fees and expenses.

## Standard No. 7: Mutuality

JAMS will not administer arbitrations pursuant to clauses that lack mutuality. Both the employer and the employee must have the same obligation (either to arbitrate or go to court) with respect to the same kinds of claims.

## Standard No. 8: Written Awards

An arbitration award will consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, awarded as to each claim. The Arbitrator will also provide a concise written statement of the reasons for the Award, stating the essential findings and conclusions on which the award is based.

\*   \*   \*

If JAMS becomes aware that an arbitration clause or procedure does not comply with the Minimum Standards, it will notify the employer of the Minimum Standards and inform the employer that the arbitration demand will not be accepted unless there is full compliance with those standards. In assessing whether the standards are met and whether to accept the arbitration assignment, JAMS, as the ADR provider, will limit its inquiry to a facial review of the clause or procedure. If a factual inquiry is required, for example, to determine compliance with Minimum Standards, it must be conducted by an arbitrator or court.

## C. Questions about Enforcement and Arbitrability

If a party contests the enforceability of a pre-dispute arbitration agreement that was required as a condition of employment, and if compliance with the Minimum Standards is in question, JAMS will, if given notice of the dispute, defer administering the arbitration for a reasonable period of time to allow the contesting party to seek a judicial ruling on the issue. JAMS will comply with that judicial determination. If there is no judicial determination within a reasonable period of time, JAMS will resolve questions of arbitrability under the applicable JAMS Arbitration Rules and Procedures for Employment Disputes.

## D. Other

Parties to an employment arbitration may choose to follow the Arbitration Rules and Procedures for Employment Disputes that were developed by JAMS. These Rules andProcedures exceed the Minimum Standards by providing further procedural protections, including additional discovery and an optional appeal process, to all parties in an employment arbitration.

JAMS is committed to ensuring that all staff who work on employment-related dispute resolution issues are aware of these principles and policies. Internal controls are used to ensure knowledge and compliance by the staff, and to ensure that the company's marketing activities in the employment area do not give rise to any actual or perceived conflict of interest on the part of JAMS or its neutrals.

***Note: These Minimum Standards do not apply if the agreement to arbitrate was individually negotiated by the employee and employer, or if the employee was represented or advised by counsel during the negotiations.***





# General Fee Schedule
*Hon. Robert A. Baines (Ret.)*

## PROFESSIONAL FEES
### $600 per hour
- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $600 per hour. This may include travel time.
- All travel expenses are billed at actual cost.

## ARBITRATION FEES
### Filing Fee
$1,500 – Two Party Matter
$2,000 – Matters involving three or more parties
$1,500 – Counterclaims
- Entire Filing Fee must be paid in full to expedite the commencement of the proceedings
- A refund of $600 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable.

### Case Management Fee
- 12% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR experts, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

### FEES FOR OTHER MATTERS
**(Discovery, Special Master, Reference, and Appraisal)**
Initial non-refundable fee of $600 per party
Plus 12% of Professional Fees

### Neutral Analysis Matters
Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| | *Cancellation/Continuance Period* | *Fee* |
|---|---|---|
| 1 day or less | 14 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 2 days or more | 30 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 3 days or more | 45 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| Hearings of any length | Inside the cancellation/continuance period | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable CMF, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A deposit request for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter. JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that, through mutual agreement, have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk depending on the complexity of the case. The parties will be informed at the onset of the engagement if the neutral plans to employ a clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

JAMS agreement to render services is with the attorney, the party, and/or other representatives of the party.



# General Fee Schedule
*Hon. Cecily Bond (Ret.)*

## PROFESSIONAL FEES

**Daily Rate** ............................................................... **$6,000**
Includes up to 8 hours of hearing time on the scheduled day and up to 2 hours of reading and research time.

**Half Day Rate** ....................................................... **$4,000**
Includes up to 4 hours of hearing time on the scheduled day and up to 1 hour of reading and research time.

- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $600 per hour. This may include travel time.
- All travel expenses will be billed at actual cost.

## ARBITRATION FEES

**Filing Fee**
$1,500 – Two Party Matter
$2,000 – Matters involving three or more parties
$1,500 – Counterclaims

- Entire Filing Fee must be paid in full to expedite the commencement of the proceedings
- A refund of $600 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable

**Case Management Fee**
- 12% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR experts, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

**FEES FOR OTHER MATTERS**
**(Discovery, Special Master, Reference, and Appraisal)**
Initial non-refundable fee of $600 per party
Plus 12% of Professional Fees

**Neutral Analysis Matters**
Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| Number of Days | Cancellation/Continuance Period | Fee |
| --- | --- | --- |
| 1 day or less ................................................ | 14 days or more prior to hearing...................... | 100% REFUNDABLE, except for time incurred |
| 2 days or more ............................................. | 21 days or more prior to hearing...................... | 100% REFUNDABLE, except for time incurred |
| 3 days or more ............................................. | 45 days or more prior to hearing...................... | 100% REFUNDABLE, except for time incurred |
| 4 days or more ............................................. | 60 days or more prior to hearing...................... | 100% REFUNDABLE, except for time incurred |
| Hearings of any length................................. | Inside the cancellation/continuance period........... | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable CMF, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A deposit request for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter. JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that, through mutual agreement, have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk depending on the complexity of the case. The parties will be informed at the onset of the engagement if the neutral plans to employ a clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

JAMS agreement to render services is with the attorney, the party and/or other representatives of the party.



# General Fee Schedule
### *Hon. Lynn Duryee (Ret.)*

## PROFESSIONAL FEES

**Daily Rate** ................................................................. **$8,000**
Includes up to 8 hours of hearing time on the scheduled day.

**Half Day Rate** ........................................................ **$5,000**
Includes up to 4 hours of hearing time on the scheduled day.

- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $800 per hour. This may include travel time.
- All travel expenses are billed at actual cost.

## ARBITRATION FEES
**Filing Fee**
$1,500 – Two Party Matter
$2,000 – Matters involving three or more parties
$1,500 – Counterclaims

- Entire Filing Fee must be paid in full to expedite the commencement of the proceedings
- A refund of $600 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable

**Case Management Fee**
- 12% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR experts, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

## FEES FOR OTHER MATTERS
**(Discovery, Special Master, Reference, and Appraisal)**
Initial non-refundable fee of $600 per party
Plus 12% of Professional Fees

**Neutral Analysis Matters**
Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| Number of Days | Cancellation/Continuance Period | Fee |
|---|---|---|
| 1 day or less | 14 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 2 days or more | 30 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 3 days or more | 45 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| Hearings of any length | Inside the cancellation/continuance period | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable CMF, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A deposit request for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter. JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that, through mutual agreement, have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk depending on the complexity of the case. The parties will be informed at the onset of the engagement if the neutral plans to employ a clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

JAMS agreement to render services is with the attorney, the party, and/or other representatives of the party.



# General Fee Schedule
*Michael J. Loeb, Esq.*

## PROFESSIONAL FEES

**Daily Rate** ................................................................. **$9,000**
Includes up to 8 hours of hearing time on the scheduled day.

**Half Day Rate** ...................................................... **$5,500**
Includes up to 4 hours of hearing time on the scheduled day.

- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $900 per hour. This may include travel time.
- All travel expenses are billed at actual cost.

## ARBITRATION FEES

**Filing Fee**
$1,500 — Two Party Matter
$2,000 — Matters involving three or more parties
$1,500 — Counterclaims

- Entire Filing Fee must be paid in full to expedite the commencement of the proceedings
- A refund of $600 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable

**Case Management Fee**

- 12% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR experts, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

## FEES FOR OTHER MATTERS
**(Discovery, Special Master, Reference, and Appraisal)**
Initial non-refundable fee of $600 per party
Plus 12% of Professional Fees

## Neutral Analysis Matters
Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| Number of Days | Cancellation/Continuance Period | Fee |
|---|---|---|
| 1 day or less | 21 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 2 days or more | 30 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 3 days or more | 60 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| Hearings of any length | Inside the cancellation/continuance period | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable CMF, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A deposit request for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter. JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that, through mutual agreement, have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk depending on the complexity of the case. The parties will be informed at the onset of the engagement if the neutral plans to employ a clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

JAMS agreement to render services is with the attorney, the party and/or other representatives of the party.



# General Fee Schedule
*Hon. Harry W. Low (Ret.)*

## PROFESSIONAL FEES
### $500 per hour
- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $500 per hour. This may include travel time.
- All travel expenses are billed at actual cost.

## ARBITRATION FEES
### Filing Fee
$1,500 — Two Party Matter
$2,000 — Matters involving three or more parties
$1,500 — Counterclaims
- Entire Filing Fee must be paid in full to expedite the commencement of the proceedings
- A refund of $600 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable.

### Case Management Fee
- 12% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR experts, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

### FEES FOR OTHER MATTERS
**(Discovery, Special Master, Reference, and Appraisal)**
Initial non-refundable fee of $600 per party
Plus 12% of Professional Fees

### Neutral Analysis Matters
Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| Cancellation/Continuance Period | | Fee |
|---|---|---|
| 1 day or less | 14 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 2 days or more | 30 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 3 days or more | 45 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| Hearings of any length | Inside the cancellation/continuance period | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable CMF, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A deposit request for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter.  JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that, through mutual agreement, have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk depending on the complexity of the case. The parties will be informed at the onset of the engagement if the neutral plans to employ a clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

JAMS agreement to render services is with the attorney, the party, and/or other representatives of the party.



# General Fee Schedule
*Hon. Richard J. McAdams (Ret.)*
*Greater Bay Area*

## PROFESSIONAL FEES
### $600 per hour
- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $600 per hour. This may include travel time.
- All travel expenses are billed at actual cost.

## ARBITRATION FEES
### Filing Fee
$1,500 – Two Party Matter
$2,000 – Matters involving three or more parties
$1,500 – Counterclaims
- Entire Filing Fee must be paid in full to expedite the commencement of the proceedings
- A refund of $600 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable.

### Case Management Fee
- 12% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR experts, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

### FEES FOR OTHER MATTERS
**(Discovery, Special Master, Reference, and Appraisal)**
Initial non-refundable fee of $600 per party
Plus 12% of Professional Fees

### Neutral Analysis Matters
Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| | *Cancellation/Continuance Period* | *Fee* |
|---|---|---|
| 1 day or less | 14 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 2 says or more | 30 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 3 days or more | 45 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| Hearings of any length | Inside the cancellation/continuance period | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable CMF, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A deposit request for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter. JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that, through mutual agreement, have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk depending on the complexity of the case. The parties will be informed at the onset of the engagement if the neutral plans to employ a clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

JAMS agreement to render services is with the attorney, the party, and/or other representatives of the party.



# General Fee Schedule
*Lawrence R. Mills, Esq.*

## PROFESSIONAL FEES
### $500 per hour
- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $500 per hour. This may include travel time.
- All travel expenses are billed at actual cost.

## ARBITRATION FEES
### Filing Fee
$1,500 – Two Party Matter
$2,000 – Matters involving three or more parties
$1,500 – Counterclaims
- Entire Filing Fee must be paid in full to expedite the commencement of the proceedings
- A refund of $600 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable.

### Case Management Fee
- 12% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR experts, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

### FEES FOR OTHER MATTERS
**(Discovery, Special Master, Reference, and Appraisal)**
Initial non-refundable fee of $600 per party
Plus 12% of Professional Fees

### Neutral Analysis Matters
Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| | Cancellation/Continuance Period | Fee |
|---|---|---|
| 1 day or less | 14 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 2 days or more | 30 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| Hearings of any length | Inside the cancellation/continuance period | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable CMF, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A deposit request for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter. JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that, through mutual agreement, have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk depending on the complexity of the case. The parties will be informed at the onset of the engagement if the neutral plans to employ a clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

JAMS agreement to render services is with the attorney, the party, and/or other representatives of the party.



## Unrepresented Party Informational Notice

Parties that intend to proceed in an alternative dispute process without representation of counsel, should understand the following:

- JAMS is a private organization that is not affiliated with the individuals, companies, or law firms involved with this dispute.

- Neither JAMS nor JAMS Neutrals have a financial interest of the outcome of any matter at JAMS.

- JAMS is an administrator and, as such, provides services such as calendar management, billing management, and arbitration administration and other case management.

- Neither JAMS nor JAMS Neutrals provide legal advice or assistance to the parties in how they should present their case.

- JAMS or JAMS Neutrals do not represent any parties in any matter at JAMS. There is no lawyer/client relationship formed in any respect with JAMS or JAMS Neutrals.

- JAMS and JAMS Neutrals facilitate a neutral process to help resolve the parties' dispute(s).

- If you require legal advice, please contact your local Bar Association for a recommendation.

Any questions pertaining to this information should be addressed to the selected Neutral, your Case Manager or other JAMS representative.  You can reach a JAMS representative by dialing 800-352-5276.



## JAMS ARBITRATION ADMINISTRATIVE POLICIES

### I. Fees for the Arbitration

The Parties and their attorneys agree to pay JAMS for the arbitration as set forth in the Fee and Cancelation Policy attached to and incorporated in this Agreement. JAMS agreement to render services is jointly with the Party and attorney or other representative of the Party in Arbitration.

Unless otherwise agreed by JAMS, the Parties agree that they are liable for and agree to pay their portion of JAMS' fees and expenses and for all time spent by the arbitrator, including any time spent in rendering services before or after the arbitration hearing. Parties are billed a preliminary retainer to cover the expense of all pre-hearing work, including conference calls. Payment of the preliminary retainer is required prior to scheduling a Preliminary Arbitration Management Conference with the Arbitrator. The Parties agree to pay all invoices received prior to the hearing in advance of the arbitration hearing. If such fees have not been paid prior to the arbitration hearing, the Party or Parties who have not paid remain liable for such fees. The Parties further agree to payment of an Abeyance Fee to be charged 12 months from the date of last billing, and every six months thereafter. The Parties agree that JAMS may cancel an arbitration hearing and will not deliver the arbitrator's decision to any Party without full payment of all invoices.

### II. Records

JAMS does not maintain a duplicate file of documents filed in the Arbitration. If the parties wish to have any documents returned to them, they must advise JAMS in writing within 30 days of the conclusion of the Arbitration. If special arrangements are required regarding file maintenance or document retention, they must be agreed to in writing and JAMS reserves the right to impose an additional fee for such special arrangements.

### III. Disqualification of the Arbitrator and JAMS as Witness/Limitation of Liability

The Parties have agreed or hereby agree that they will not call the arbitrator or any employee or agent of JAMS as a witness or as an expert in any proceeding involving the Parties and relating to the dispute which is the subject of the arbitration, nor shall they subpoena any notes or other materials generated by the arbitrator during the arbitration. The Parties further agree to defend the arbitrator and JAMS and its employees and agents from any subpoenas from outside Parties arising out of this Agreement or arbitration.

The Parties agree that neither the arbitrator nor JAMS, including its employees or agents, is a necessary Party in any proceeding involving the participants and relating to the dispute which is the subject of the arbitration. The Parties further agree that the arbitrator and JAMS, including its employees or agents, shall have the same immunity from liability for any act or omission in connection with the arbitration as judges and court employees would have under federal law.

### IV. Party

The term "Party" as used in these Policies includes Parties to the Arbitration and their counsel or representative.

 # Document Retention Policy

Please note that **30 CALENDAR DAYS** after termination of any case JAMS will destroy the following documents submitted by parties unless parties specifically notify JAMS that they wish to collect their documents:

- **Briefs**
- **Exhibits**[1]
- **Evidence**
- **Transcripts**

Parties should collect their documents as soon as possible after the termination of a case. Otherwise, they will be destroyed 30 days thereafter. Please note that JAMS does not maintain a duplicate file of documents, which are normally forwarded to the Neutral upon receipt. Any items marked with notes, comments or suggestions by the Neutral will automatically be destroyed upon closing of the file.[2]

"Termination" of a case is defined as any of the following:

- **Resolution of a matter, e.g., either through settlement or issuance of an award**
- **Mutual agreement to close the matter**
- **Withdrawal from ADR Process**
- **Time Period of one year elapses without any resolution and no future dates on calendar**
- **Notice from JAMS that the matter has been terminated**

---

[1] Exhibits - For temporary judge and referee cases, CRC 2.400(c)(2) – Exhibits will be returned to the clerk of the court, unless stipulated otherwise by the parties and such stipulation approved by the court.

[2] Cases managed on the on-line document system Case Anywhere will follow a document retention procedure which will be communicated directly by Case Anywhere at the conclusion of the case.  Generally, the documents on Case Anywhere will be maintained by Case Anywhere for one year.

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Balan, Cristina vs. Tesla Motors, Inc.
Reference No. 1100106402

I, Jessica Llamas, not a party to the within action, hereby declare that on  August 9, 2019, I served

the attached Notice of Commencment on the parties in the within action by Email and by depositing true copies

thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at San

Francisco, CALIFORNIA, addressed as follows:

Ms. Cristina Balan
4698 Arbors Circle
Mukilteo, WA   98275
Phone: 425-205-0200
cbalan.j2019@gmail.com
   Parties Represented:
   Cristina Balan

Matthew C. Lewis Esq.
Rodney B. Sorensen Esq.
Payne & Fears, LLP
235 Pine St.
Suite 1175
San Francisco, CA   94104
Phone: 415-738-6850
mcl@paynefears.com
rbs@paynefears.com
   Parties Represented:
   Tesla Motors, Inc.

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco,

CALIFORNIA on  August 9, 2019.

Jessica Llamas
JLlamas@jamsadr.com

# EXHIBIT B



# APPOINTMENT OF ARBITRATOR

NOTICE TO ALL PARTIES                                                        September 3, 2019

       Re:   <u>Balan, Cristina vs. Tesla Motors, Inc.</u>
               Reference #: 1100106402

Dear Parties:

Hon. Richard J. McAdams (Ret.) has been appointed Arbitrator in the above-referenced matter. In accordance with the JAMS Employment Arbitration Rules no party may have *ex-parte* communications with the Arbitrator. Any necessary communication with the Arbitrator must be initiated through the case manager.

The Arbitrator will bill in accordance with the enclosed Fee Schedule. The arbitration will be administered consistent with the enclosed JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee a consumer employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancelation/Continuance policy. Any party who cancels or continues a hearing after the deadline will be responsible for 100% of the professional fees unless we can fill the reserved but unused time with another matter.

Under appropriate circumstances, the Arbitrator may award JAMS fees and expenses against any party. In California, the arbitration provision shall not require the consumer employee to pay the fees and costs incurred by the opposing party if the consumer employee does not prevail, and we will not enforce such a provision in the parties' agreement. JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

The paying party has been billed a preliminary retainer to cover the expense of all pre-hearing work, such as reading, drafting of orders, and conference calls. Enclosed is an invoice for this retainer. Upon receipt of payment, a Preliminary Arbitration Management Conference Call will be scheduled with the Arbitrator.

Your new contact person for this file is Josephine Care, Case Manager to Hon. Richard J. McAdams (Ret.).

Josephine Care
160 West Santa Clara Street Suite 1600
San Jose, CA 95113
Phone: 408-346-0737
Email: jcare@jamsadr.com

Contact me at 415-774-2609 or jpeterson@jamsadr.com if you have questions.

Sincerely,
John M. Peterson
Assistant Manager
jpeterson@jamsadr.com



# General Fee Schedule
*Hon. Richard J. McAdams (Ret.)*
*Greater Bay Area*

## PROFESSIONAL FEES
### $600 per hour
- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $600 per hour. This may include travel time.
- All travel expenses are billed at actual cost.

## ARBITRATION FEES
### Filing Fee
$1,500 – Two Party Matter
$2,000 – Matters involving three or more parties
$1,500 – Counterclaims
- Entire Filing Fee must be paid in full to expedite the commencement of the proceedings
- A refund of $600 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable.

### Case Management Fee
- 12% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR experts, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

## FEES FOR OTHER MATTERS
### (Discovery, Special Master, Reference, and Appraisal)
Initial non-refundable fee of $600 per party
Plus 12% of Professional Fees

### Neutral Analysis Matters
Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| | Cancellation/Continuance Period | Fee |
|---|---|---|
| 1 day or less | 14 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 2 says or more | 30 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 3 days or more | 45 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| Hearings of any length | Inside the cancellation/continuance period | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable CMF, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A deposit request for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter. JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that, through mutual agreement, have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk depending on the complexity of the case. The parties will be informed at the onset of the engagement if the neutral plans to employ a clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

*JAMS agreement to render services is with the attorney, the party, and/or other representatives of the party.*



# JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness

*Effective July 15, 2009*

# JAMS POLICY ON EMPLOYMENT ARBITRATION MINIMUM STANDARDS OF PROCEDURAL FAIRNESS

This document presents the principles and policies of JAMS on the use of arbitration for resolving employment-related disputes. These policies include the Minimum Standards of Procedural Fairness, which apply to arbitrations based on pre-dispute agreements that are required as a condition of employment. JAMS will administer mandatory arbitrations in employment cases only if the arbitration provision complies with JAMS Minimum Standards.

JAMS continues to urge employers and employees to use, at the earliest point possible, mediation and other ADR processes that encourage consensual resolution of disputes in a fair, affordable and efficient manner. We also recommend that employers consult with counsel when considering, drafting or implementing pre-dispute arbitration clauses that relate to statutory employment claims.

## A. Preference for Mediation and Voluntary Arbitration

JAMS encourages the use of mediation and of voluntary arbitration that is not a condition of initial or continued employment. JAMS does not take a position on the enforceability of condition-of-employment arbitration clauses, but it monitors developments in courts, legislatures and regulatory agencies concerning the enforceability of the clauses. If courts rule definitively that such clauses are unenforceable, or if laws or regulations proscribe their use, JAMS will comply with the rulings or laws in the applicable cases or jurisdictions. Absent such proscriptions, JAMS accepts arbitration assignments based on condition-of-employment clauses (provided the Minimum Standards are met) but does not encourage the use of such clauses.

## B. Minimum Standards of Procedural Fairness

If an arbitration is based on a clause or agreement that is required as a condition of employment, JAMS will accept the assignment only if the proceeding complies with the Minimum Standards of Procedural Fairness for Employment Arbitration.

## Standard No. 1:
## All Remedies Available

All remedies that would be available under the applicable law in a court proceeding, including attorneys fees and exemplary damages, as well as statutes of limitations, must remain available in the arbitration. Post-arbitration remedies, if any, must remain available to an employee.

*Comment:* This standard does not make any change in the remedies available. Its purpose is to ensure that the remedies available in arbitrations and court proceedings are the same. JAMS does not object if an employer chooses to limit its own post-arbitration remedies.

## Standard No. 2: Arbitrator Neutrality

The arbitrator(s) must be neutral, and an employee must have the right to participate in the selection of the arbitrator(s).

## Standard No. 3:
## Representation by Counsel

The agreement or clause must provide that an employee has the right to be represented by counsel. Nothing in the clause or procedures may discourage the use of counsel.

## Standard No. 4: Access to
## Information/Discovery

The procedures must provide for an exchange of core information prior to the arbitration.

*Comment:* Generally, this discovery should include at least (a) exchange of relevant documents, (b) identification of witnesses and (c) one deposition for each side, i.e., of the employee and of a supervisor or other decision-maker of the employer. Other discovery should be available at the arbitrator's discretion.

## Standard No. 5:
## Presentation of Evidence

At the arbitration hearing, both the employee and the employer must have the right to (a) present proof, through testimony and documentary evidence, and (b) cross-examine witnesses.

## Standard No. 6: Costs and Location Must Not Preclude Access to Arbitration

An employee's access to arbitration must not be precluded by the employee's inability to pay any costs or by the location of the arbitration. The only fee that an employee may be required to pay is the initial JAMS Case Management Fee. All other costs must be borne by the company, including any additional JAMS Case Management Fees and all professional fees for the arbitrator's services. In California, the arbitration provision may not require an employee who does not prevail to pay the fees and costs incurred by the opposing party.

*Comment:* JAMS does not preclude an employee from contributing to administrative and arbitrator fees and expenses.

## Standard No. 7: Mutuality

JAMS will not administer arbitrations pursuant to clauses that lack mutuality. Both the employer and the employee must have the same obligation (either to arbitrate or go to court) with respect to the same kinds of claims.

## Standard No. 8: Written Awards

An arbitration award will consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, awarded as to each claim. The Arbitrator will also provide a concise written statement of the reasons for the Award, stating the essential findings and conclusions on which the award is based.

\* \* \*

If JAMS becomes aware that an arbitration clause or procedure does not comply with the Minimum Standards, it will notify the employer of the Minimum Standards and inform the employer that the arbitration demand will not be accepted unless there is full compliance with those standards. In assessing whether the standards are met and whether to accept the arbitration assignment, JAMS, as the ADR provider, will limit its inquiry to a facial review of the clause or procedure. If a factual inquiry is required, for example, to determine compliance with Minimum Standards, it must be conducted by an arbitrator or court.

## C. Questions about Enforcement and Arbitrability

If a party contests the enforceability of a pre-dispute arbitration agreement that was required as a condition of employment, and if compliance with the Minimum Standards is in question, JAMS will, if given notice of the dispute, defer administering the arbitration for a reasonable period of time to allow the contesting party to seek a judicial ruling on the issue. JAMS will comply with that judicial determination. If there is no judicial determination within a reasonable period of time, JAMS will resolve questions of arbitrability under the applicable JAMS Arbitration Rules and Procedures for Employment Disputes.

## D. Other

Parties to an employment arbitration may choose to follow the Arbitration Rules and Procedures for Employment Disputes that were developed by JAMS. These Rules andProcedures exceed the Minimum Standards by providing further procedural protections, including additional discovery and an optional appeal process, to all parties in an employment arbitration.

JAMS is committed to ensuring that all staff who work on employment-related dispute resolution issues are aware of these principles and policies. Internal controls are used to ensure knowledge and compliance by the staff, and to ensure that the company's marketing activities in the employment area do not give rise to any actual or perceived conflict of interest on the part of JAMS or its neutrals.

*Note: These Minimum Standards do not apply if the agreement to arbitrate was individually negotiated by the employee and employer, or if the employee was represented or advised by counsel during the negotiations.*



800.352.5267 | www.jamsadr.com

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Balan, Cristina vs. Tesla Motors, Inc.
Reference No. 1100106402

I, Amy Thornton, not a party to the within action, hereby declare that on  September 3, 2019, I served the attached Notice of Appointment of Arbitrator on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at San Francisco, CALIFORNIA, addressed as follows:

Ms. Cristina Balan
4698 Arbors Circle
Mukilteo, WA   98275
Phone: 425-205-0200
cbalan.j2019@gmail.com
    Parties Represented:
    Cristina Balan

Matthew C. Lewis Esq.
Rodney B. Sorensen Esq.
Payne & Fears, LLP
235 Pine St.
Suite 1175
San Francisco, CA   94104
Phone: 415-738-6850
mcl@paynefears.com
rbs@paynefears.com
    Parties Represented:
    Tesla Motors, Inc.

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on  September 3, 2019.

_____
Amy Thornton
AThornton@jamsadr.com

# EXHIBIT C

# JAMS ARBITRATION CASE REFERENCE NO. 1100106402

**Cristina Balan,**
  **Claimant,**

  **and**

**Tesla Motors, Inc.,**
  **Respondent.**

_____

### ORDER GRANTING RESPONDENT'S REQUEST
### TO STAY ARBITRATION PENDING APPEAL
### AND ARBITRATION MANAGEMENT CONFRENCE ORDER NO. 4

A further case management conference was conducted telephonically on July 8, 2020, Cristina Balan appearing for herself and Gal Gressel appearing for Respondent. The conference also included a court reporter at the request of Respondent.

The following order is made respecting the conduct of this arbitration:

Having reviewed Respondent's "Substitute Opening Brief" and Claimant's "Answering Brief," filed in the Ninth Circuit, and considering the previous discussions related to a stay and the arguments presented on behalf of the parties, Arbitrator has determined that Respondent presents a colorable argument for reversal of the District Court's decision granting the motion to compel arbitration of a portion of Claimant's defamation action and denying the motion as to certain claims. Because there is a meritorious argument and a realistic possibility that the entire defamation claim will be the subject of this arbitration, the prejudice to Respondent of the potential for a duplication of arbitrations if the existing arbitration were to proceed outweighs any prejudice to Claimant caused by a delay of this arbitration.

1

Respondent shall keep Arbitrator informed of the progress of the pending appeal.

Because delegation of the scope of the arbitration has been raised as an issue in Respondent's argument to the court, any preliminary observations or this Order shall not be considered as a determination of or an indicated ruling on the scope of this arbitration should it be determined that the question is one for the arbitrator. This disclaimer is based on several reasons: the issue has not been briefed and argued before this arbitrator; Respondent may have waived this argument; and Arbitrator has only been called upon to *stay the arbitration,* not to decide the scope of the arbitrable claims.

### Conclusion

Respondent's request to stay arbitration pending appeal is granted.

Dated: JULY 8, 2020

Hon. Richard J. McAdams (Ret.)
Arbitrator

2

**<u>PROOF OF SERVICE BY E-Mail</u>**

Re: Balan, Cristina vs. Tesla Motors, Inc.
Reference No. 1100106402

I, Jacquelynne Garcia, not a party to the within action, hereby declare that on  July 8, 2020, I served

the attached Order Granting Respondent's Request to Stay Arbitration Pending Appeal and Arbitration

Management Conference Order No. 4 on the parties in the within action by electronic mail at San Jose,

CALIFORNIA, addressed as follows:


Ms. Cristina Balan                                    Babak Yousefzadeh Esq.
4698 Arbors Circle                                    Gal Gressel Esq.
Mukilteo, WA   98275                                  Sheppard Mullin Richter & Hampton LLP
Phone: 425-205-0200                                   Four Embarcadero Center
cbalan.j2019@gmail.com                                17th Floor
    Parties Represented:                              San Francisco, CA   94111
    Cristina Balan                                    Phone: 415-434-9100
                                                      byousefzadeh@sheppardmullin.com
                                                      GGressel@sheppardmullin.com
                                                          Parties Represented:
                                                          Tesla Motors, Inc.


I declare under penalty of perjury the foregoing to be true and correct. Executed at San Jose,

CALIFORNIA on  July 8, 2020.


Jacquelynne Garcia
JAMS
JGarcia@jamsadr.com

# EXHIBIT D

# JAMS ARBITRATION CASE REFERENCE NO. 1100106402

**Cristina Balan,**
     **Claimant,**

     **and**

**Tesla Motors, Inc.;**
**Elon Musk,**
     **Respondents.**

---

## ORDER GRANTING RESPONDENTS' MOTION
## FOR SUMMARY DISPOSITION AND DISMISSAL OF ALL CLAIMS

Respondents' Motion for Summary Disposition (titled a Motion to Dismiss) came on for a videoconference hearing on November 1, 2021, Claimant appearing for herself and Michael D. Weil appearing for Respondents.

The following order is made respecting the conduct of this arbitration:

### I.    Background

On or about July 12, 2019, Claimant Cristina Balan filed a Demand for Arbitration with JAMS, asserting claims against Respondent Tesla Motors, Inc. (Tesla), for defamation, incorporating her Complaint in the U.S. District Court, Western District of Washington (*Balan v. Tesla Motors, Inc.,* Case No. CV19-00067 MJP), seeking compensatory damages, punitive damages, injunctive relief, costs and "all such other and further relief that the Court [deems] just and proper."

On or about July 26, 2019, Tesla served and filed its Answer to Claimant's Demand for Arbitration, generally and specifically denying all allegations and claims of Claimant and setting forth 17 affirmative defenses, requesting that the "Arbitration Demand be dismissed;" that Claimant take nothing and that "judgment be entered against Claimant and in favor of

1

Respondent;" attorney fees and costs; and "such other and further relief as the Court may deem just and proper."

Just prior to Claimant's filing her Demand with JAMS, the U.S. District Court in the above-described case had partially granted Tesla's motion to compel arbitration on June 27, 2019, ordering only some of Claimant's defamation claims to arbitration and retaining the rest in court. On July 29, 2019, Respondent appealed the partial denial to the U. S. Court of Appeals, Ninth Circuit.

The Preliminary Conference/Arbitration Management Conference No. 1 in this matter was conducted on October 14, 2019, while the appeal was pending. Arbitrator found the claims against Tesla that were ordered to arbitration by the court to be arbitrable. After several management conferences and a formal motion, Arbitrator stayed the arbitration pending the outcome of the appeal related to the court-retained causes of action.

On March 22, 2021, the Ninth Circuit reversed the partial denial of Tesla's motion to compel arbitration and remanded the case, finding the entire defamation action to be subject to the arbitration agreement in Claimant's employment contract. On April 22, 2021, the U.S. District Court issued its order closing the federal case.

The next arbitration conference (AMC No. 5) was held on May 18, 2021. It was the first conference after the federal case closed and thus the first conference where all aspects of the defamation claims against Tesla were before this arbitrator. At this conference, Claimant gave notice that she wished to file an additional claim. An Amended Demand was filed on May 24, 2021, reasserting the original defamation claims against Tesla and filing a new and separate defamation claim against Elon Musk (Musk) individually.

The next conference after the Amended Demand was filed occurred on May 27, 2021 (AMC No. 6). Respondents were given time to file a Response (which they did on June 15, 2021, on behalf of both Respondents). The issue of the applicable law was raised at this conference and deferred, with the parties to meet and confer. At the time of the next conference (AMC No. 7) held on June 17 and 18, 2021, the claims as now asserted were found to be arbitrable; however, the issue of the applicable law governing the claims asserted in the Amended Demand remained a disputed issue. Claimant argued that Washington law applies;

Respondents asserted that this arbitration is governed by California law. A briefing schedule was established and timely briefs were filed.

On August 29, 2021, Arbitrator issued an Order Granting Respondents' Motion to Apply California Law, finding that there were no prior rulings by a court or by this arbitrator determining the applicable substantive law and that California applies to both claims.

Immediately after this Order, Respondents requested to "proceed on a motion to dismiss Ms. Balan's claims as time-barred under the statutes of limitations." The filing of the motion was approved and a briefing schedule was established. Timely briefs were filed.

## II.    Issues and analysis

### A. Relevant dates and the applicable California statute of limitations

The statute of limitations in California for defamation claims is one year. C.C.P. section 340(c). In contrast, the applicable statute in Washington is two years.

Claimant bases her claim against Tesla (labeled in the Amended Demand as "Claim No. 1") on statements allegedly published on September 11, 2017. The deadline for filing "Claim No. 1" under California law was therefore September 11, 2018. Claimant brought suit against Tesla in her home state of Washington on January 15, 2019.

Claimant bases "Claim No. 2" against Musk on an August 7, 2019, email from Musk to a third party. The deadline for filing "Claim No. 2" under California law was therefore August 7, 2020 (but see the discussion of California's Judicial Council Rule 9 below). Claimant's Amended Demand adding this claim was filed on May 24, 2021.

Accordingly, both filings are untimely unless some exception applies.

### B. Threshold arguments

Claimant argues that Respondents have "waived" their affirmative defense of the statute of limitations by "never mention[ing] that Balan's lawsuit is time barred... or that California Law Applies" during the course of the litigation/arbitration until motions were brought. There is no

3

authority for the proposition that Respondents have such an obligation short of evidence that they dissuaded or prevented Claimant from proceeding. None has been presented here.

Next, Claimant asserts that Respondents have "waived their statute of limitations defense" by not including it their responsive pleadings (until their response to the Amended Demand), but cited no evidence of prejudice because of this. This is not a meritorious objection and it is rejected. See, JAMS Rule 9(a).

On their part, Respondents submit that the issues here can be resolved against Claimant simply based on the parties having entered into a Stipulation Re: California Law dated June 2, 2021. However, as noted in the June 2 Order applying California law, although Arbitrator accepted the stipulation, "the scope and effect of that stipulation has become a disputed issue, as argued by the parties in this motion." Arbitrator need not rely on that Stipulation or determine its "scope and effect" in order to resolve this dispute in light of the analysis and conclusions set forth next.

### C. *Analysis of timeliness*

### 1. **Claim No. 1 against Tesla**

As set forth in the Order Granting Respondents' Motion to Apply California Law, at no time prior to the June 2, 2021, ruling had a court been asked to rule on the state law that governs the substantive defamation claims. As stated in that Order,

The federal litigation focused only on *the enforcement of the arbitration agreement* and, to the extent any legal issues and applicable law and procedure were addressed, they were related to the motion to compel arbitration. The substantive law governing the defamation claims was not addressed and not the subject of any court rulings.

Likewise, no ruling on the governing law was made in this arbitration until June 2, 2021. Claimant repeats her earlier argument that the following language in the first conference in this arbitration - Preliminary Conference/Arbitration Management Conference No. 1, section 6 - under the heading "Applicable Law and Rules" supports the application of the Washington limitations period:

6.     **Applicable Law and Rules.**

Initially, the parties agree that the substantive law of Washington shall apply in this proceeding, but this may be subject to further consideration.  Likewise, the applicable arbitration law shall be subject to further consideration.

The JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness ("Policy") and the JAMS Employment and Arbitration Rules and Procedures ("Rules") shall apply.

This section does not support Claimant's arguments in this Motion.  As found in the June 2 Order, this language "clearly left the issue of applicable law open" because "[t]he scope of the arbitration was yet to be determined since the Ninth Circuit appeal was pending at the time of this first arbitration conference."

Claimant cites various reasons why she did not file her claim either in an earlier, separate arbitration she brought against Tesla or in the courts.[1]  None of these reasons – whether a mistaken understanding of the law or advice or lack of advice from her then-attorney – serve as a cognizable basis for finding an exception to the application of the one-year California statute. Furthermore, no evidence has been presented that *Tesla or its counsel or Musk individually* prevented or dissuaded Claimant from pursuing litigation or arbitration based on the September 11, 2017, allegations.

Therefore, Claim No. 1 is clearly barred.


**2. Claim No. 2 against Musk**

Claimant's second claim, filed in 2021 against Musk alone, likewise is barred but it bears a separate analysis, although some of it overlaps with the analysis of Claim No. 1.

Claimant has a colorable argument that there was an agreement early in the arbitration – at least until the June 2 Order: that Washington law applied and that she was therefore entitled to rely on the language found in section 6 of the Preliminary Conference/AMC No. 1 Order as

---

[1] It is worth noting that Claimant's prior employment dispute with Tesla was heard in arbitration and conducted under California law.

5

justification for believing that she had two years to take action.[2]  Granted Claimant does not specifically make such a claim of reliance, but giving her the benefit of the doubt as to this argument, it nevertheless does not assist her.  The October 14, 2019, Preliminary Conference involved the only claim then existing – a defamation action against *Tesla* (Claim No. 1).  The claim against Musk was not filed until over 18 months later and is based on an entirely separate and distinct claim of defamation.  Its existence was not mentioned or discussed in any way in that initial conference.

Claimant also raises an exception under Judicial Council Rule 9 (California Rule of Court, Appendix I) tolling C.C.P. section 640 and other laws during the initial periods of the COVID-19 epidemic.  This Rule had the effect of tolling statutes of limitation from April 6, 2020, to October 1, 2020.[3]  Respondent Musk is correct that this additional time only moved the deadline for filing to February 10, 2021, still well before the May 24 filing.  Respondents dispute the validity of Rule 9, but Arbitrator need not reach that question here.

As with Claim No. 1, Claimant has presented no evidence that Musk or counsel prevented or dissuaded Claimant from pursuing litigation or arbitration based on the August 7, 2019, email.

Therefore, Therefore, Claim No. 2 is also barred.

## III.    Conclusions

1. Respondents' motion for summary disposition is granted.

2. Each of Claimant's claims are barred by the applicable statute of limitation.

3. Claimant's claims are hereby dismissed.

---

[2] No such reliance argument can be made as to the claim against Tesla (Claim No. 1) because the one year statute had run on September 11, 2018, over one year before the October 14, 2019, conference.

[3] Any such "extension" has no application to the claims against Tesla (see footnote 1 above).

This award resolves all claims between the parties submitted for decision in this proceeding.

Dated: Nov. 3, 2021

Hon. Richard J. McAdams (Ret.)

Arbitrator

7

# EXHIBIT E

## ARBITRATION AGREEMENT

To ensure the rapid and economical resolution of disputes that may arise in connection with your employment with Tesla, you and Tesla agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by final, binding and confidential arbitration in San Francisco, California conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ("JAMS"), or its successors, under the then current rules of JAMS for employment disputes. Accordingly, you and Tesla agree to an arbitration in which:

    a. **you are waiving any and all rights to a jury** trial but all court remedies will be available in arbitration; and

    b. all disputes between you and the Company shall be fully and finally resolved by binding arbitration that provides for adequate discovery; and

    c. all disputes shall be resolved by a neutral arbitrator who shall issue a written opinion; and

    d. Tesla shall pay all arbitration fees in excess of those which would be required if the dispute was filed in a court of law.

Nothing in this Agreement is intended to prevent either you or Tesla from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration.

Arbitrable claims do not include, and this Agreement does not apply to or otherwise restrict, administrative claims you may bring before any government agency where, as a matter of law, the parties may not restrict your ability to file such claims (including the Equal Employment Opportunity Commission or its state equivalent, and the National Labor Relations Board). Otherwise, it is agreed that arbitration shall be the exclusive remedy for all claims.



### Employee Handbook Acknowledgment & Arbitration Agreement

This is to acknowledge that I have reviewed a copy of the Company's Employee Handbook, online at http://internal. I understand that it sets forth the terms and conditions of my employment as well as the duties, responsibilities and obligations of the employment with the Company and that it supersedes all prior handbook, oral or written representations on the subject matter. I understand and agree that is my responsibility to read and familiarize myself with the provisions of this handbook and to abide by the rules, policies and standards set forth in the handbook.

I understand that this handbook represents the current policies, regulations, and benefits, and that except for the employment at-will status and this Arbitration Agreement any and all policies or practices can be changed at any time by the company. The Company retains the right to add, change, or delete wages, benefits, policies, and all other working conditions at any time (except the policy of "at will employment", which may not be changes, altered, revised, or modified without a writing signed by the CEO of the Company).

I further understand that nothing in the Employee Handbook created or is intended to create a promise or representation of continued employment and that my employment, position, and compensation at the Company are at-will, and may be changed or terminated at the will of the Company. I understand that I have the right to terminate my employment at any time, with or without cause or notice, and that the Company has a similar right. My signature below certifies the I understand the foregoing agreement that at-will status is the sole and entire agreement between the Company and myself concerning the duration of my employment and the circumstances under which my employment may be terminated.

I further agree and acknowledge that the Company and I will utilize binding arbitration to resolve all disputes that may arise out of the employment context. Both the company and I agree that any claim, dispute, and/or controversy that either I may have against the Company (or it's owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) or the Company may have against me, arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or association with the Company shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, un conformity with the procedures of the California Arbitration Act (Cal. Code Civ. Proc. Sec 1280 et seq., including section 1283.05 and all of the Act's other mandatory and permissive rights to discovery.) Included within the scope of this Agreement are all disputes, whether based on tort, contract, statute, (including, but not limited o, any claims of discrimination and harassment, whether they be based on the California Fair Employment and Housing Act, Title VII of the Civil Rights Act of 1964, as amended, or any other federal law or regulation), equitable law, or otherwise with the exception of claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under the California Workers' Compensation Act, Employment Development Department Claims, or as otherwise required by state or federal law. However, nothing herein shall prevent me from filing and pursuing proceedings before the California Department of Fair Employment and Housing, or the United States Equal Employment Opportunity Commission (although if I choose to pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to the provisions of this Agreement). In addition to any other requirements imposed by law, the arbitrator selected shall be a retired California Superior Court Judge, or otherwise qualified neutral individual to whom the parties mutually agree, and shall be subject to disqualification on the same grounds as would apply to a judge of such court. All rules of pleading (including the right of demurrer), all rules of evidence, all rights to resolution of the dispute by means of motions for summary judgment, judgments on the pleadings, and judgment under Code of Civil Procedure Section 631.8 shall apply and be observed. Resolution of the dispute shall be based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis (including but not limited to notions of "just cause") other than such controlling law. The arbitrator shall have the immunity of a judicial officer from civil liability when acting in the capacity of an arbitrator, which immunity supplements any other existing immunity. Likewise, all communications during or in connection with the arbitration proceedings are privileged in accordance with the Cal. Civil Code Section 47(b). As reasonably acquired to allow full use and benefit of this agreement's modifications to the Act's

Exhibit C

Page 24

procedures, the arbitrator shall extend the times set but the Act for the giving of notices and setting of hearings. Awards shall include the arbitrator's written reasoned opinion. Moreover, any arbitrator's fees associated with the arbitrations will be paid by the Company, other than those filing fees for which the employee would have been responsible if filed in court. I understand and agree to this binding arbitration provision, and both I and the Company give up our right to trial by jury of any Claim I or the Company may have against each other.

This is the entire agreement between the Company and me regarding dispute resolution, the length of my employment, and the reasons for termination of employment, and this agreement supersedes any and all prior agreements regarding these issues. It is further agreed and understood that any agreement contrary to the foregoing Employee Handbook must be entered into, in writing, by the CEO of the Company. No supervisor or representative of the Company, other than its CEO, has any authority to enter into any agreement for employment for any specified period of time or make any agreement contrary to the foregoing. Oral representations made before or after you are hired do not alter this agreement.

If any term or provision, or portion of this Agreement is declared void or unenforceable it shall be severed and the remainder of this Agreement shall be enforceable.

MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS.

DO NOT SIGN UNTIL YOU HAVE READ THE ABOVE ACKNOWLEDGMENT AND AGREEMENT.

I understand that a copy of this signed Acknowledgement & Arbitration Agreement will be placed in my personal file.


_____          CRISTINA  BALAN          08/16/2010
Employee Signature                Printed Name             Date

Exhibit C
Page 25