Cristina Balan
CBALAN.J2019@GMAIL.COM
150 E Laurel St, 246
Foley, AL 36535
*PRO SE for Respondent*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| TESLA MOTORS AND ELON MUSK<br><br>    Petitioners,<br><br>vs.<br><br>CRISTINA BALAN,<br><br>    Respondent | Case No.: **4:21-cv-09325-HSG**<br><br>**RESPONDENT MOTION TO DISMISS OR IN THE ALTERNATIVE**<br>**MOTION TO TRANSER PETITIONERS, TESLA AND ELON MUSK PETITION TO CONFIRM ARBITRATION AWARD**<br>**TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**<br>**Case No.: 2:19-CV-00067-MJP** |

Respondent Cristina Balan hereby files this Motion to Dismiss, or, in the alternative, to Transfer the Tesla and Elon Musk Petition to Confirm Arbitration Award to the Western District of Washington.

**INTRODUCTION**

The 9th Circuit's first-to-file rule controls this case, the Petitioners filed its Petition to Confirm the Arbitration Award, in this Court Twice! No is not a joke. One on November 24, 2021, and again on December 2, 2021. On December 3 Ms Balan had two cases and two judges to decide over this petition to confirm the arbitration award.

The Court has still had to make a decision on the motion to quash Ms Balan filed for improper serving.

RESPONDENT MOTION TO DISMISS OR  IN THE ALTERNATIVE MOTION TO TRANSER PETITIONERS, TESLA AND ELON MUSK PETITION TO CONFIRM ARBITRATION AWARD TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON CASE NO.: 2:19-CV-00067-MJP

- 1 -

Tesla and Musk filed this petition thirty-four months after Balan first filed her Complaint against Tesla, in January 15, 2019, in the Western District of Washington, who analyzed this case for years, Order granting in part and denying in part motion to compel arbitration, which was appeal and then sent to arbitration in its entirety, but still retaining subject matter jurisdiction in this case.

As explained below, this Court should dismiss Tesla and Elon Musk California Action, or in the alternative, this Court should transfer their Petition to Confirm to the Western District of Washington where this litigation has been underway since 2019.

Balan filed her Motion to Vacate on February 2022, to the Western District of Washington where it should belong.

**LEGAL ARGUMENT**

**1. This court should dismiss petitioners the petition to confirm arbitration award under the first to file rule.**

It is a well-known fact in California State and federal court that "Where another court has retained jurisdiction over a case it has ordered to arbitration and that court is "prepared to confirm any arbitration award," there is "no utility in [a second court] retaining jurisdiction for the sole purpose of confirming (vacating) an arbitration award." *Id.* at 1778–79 Jinya Franchise, Inc. v. Pam Group, LLC (C.D. Cal., Aug. 1, 2013, No. LACV1301232JAKEX) 2013 WL 12133688, at *10

The 9th Circuit follows the "generally recognized doctrine of the "first to file rule," "which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district court." *Pacesetter Syst., Inc. v. Medtronic, Inc.*, 678 F. 2d 93, 94-95 (9th Cir. 1982). In cases like this one, where "two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit [because] no purpose would be served by proceeding with a second action." *Id.* at 95; *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) ("The well-established "first to file" rule allows a district court to transfer, stay or dismiss an action when a similar complaint has been filed in another federal

RESPONDENT MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSER PETITIONERS, TESLA AND ELON MUSK PETITION TO CONFIRM ARBITRATION AWARD TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON CASE NO.: 2:19-CV-00067-MJP

- 2 -

court. Thus, a court must look to three threshold factors in deciding whether to apply the first to file rule: the chronology of the two actions, the similarity of the parties, and the similarity of the issues."). Therefore, based upon this Court's analysis, this Court should dismiss Petitioners California Action.

"In *Pacesetter*, the 9th Circuit affirmed the U.S. District Court for the Northern District of California's dismissal of a second-filed action where the plaintiff first filed its lawsuit in the Southern District of Florida and "the same three parties [were] involved in both suits" and the "issues raised [were] identical." 678 F. 2d at 95-96. Rejecting the second-filer's arguments that: (1) it was not served with the Florida complaint until after the California action was filed, (2) "neither action had proceeded past the pleading stage," and (3) the district court failed "to give consideration to the same factors as it would under motions to transfer brought pursuant to 28 U.S.C. § 1404(a)," the court focused instead on the facts that: (a) the second-filer "had full knowledge of the Florida action before filing in California"; (b) the Florida court "was capable of efficiently resolving all issues"; (c) the "economic use of both courts' resources [would] result from the California court's refusal to consider [the second-filer's] claims"; and (d) "the forum non conveniens argument should be addressed to the court in the first-filed action." *Id.* Consequently, the court held that "the decision to decline jurisdiction in view of the proceedings before the Florida district court was not an abuse of discretion." *Id.* at 96. In *Ruckus Wireless, Inc. v. Harris Corp.*, 2012 WL 588792 (N.D. Cal. 2012), this Court reached the same result.

There, the plaintiff ("Ruckus") filed suit against Harris in California, six days after Harris first filed its own complaint in Florida. *See Ruckus*, 2012 WL 588792 at *1. The parties then engaged in preliminary motions practice in both courts. *Id.* at *1-2. In the Florida action, Ruckus argued that Harris's complaint should be dismissed for lack of standing; whereas, in Ruckus's second-filed California action, Harris argued that "this Court should exercise its discretion under the 'first to file rule' to dismiss or transfer [the California action] to the Middle District of Florida." *Id.* at *2. This Court agreed.

In *Ruckus*, as in this case, there was no dispute that "the Florida Action was filed before th[e] [California] Action"; likewise, there was no dispute that "the identity of the parties [was] identical in both actions" or that the "issues involved [were] 'closely related patent infringement questions.'" *Id.*

RESPONDENT MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSER PETITIONERS, TESLA AND ELON MUSK PETITION TO CONFIRM ARBITRATION AWARD TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON CASE NO.: 2:19-CV-00067-MJP

- 3 -

Instead, the dispute boiled down to whether dismissal "would promote judicial economy and fairness." *Id.* at 3. Finding that it would, the court rejected Ruckus's arguments that Harris acted "in bad faith" or to "obtain a 'home court advantage.'" *Id.* at 4.

Instead, the court ruled—as it should here—that the Florida court was "capable of efficiently resolving all issues, given that it [was] already tasked with familiarizing itself with and construing the terms of the patents-in-suit." "Thus," the court concluded, "as in *Pacesetter*, the goals of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' would be served by declining jurisdiction in deference to the Middle District of Florida." *Id.* (citing *Pacesetter*, 678 F. 2d at 95); *see also Ward*, 158 F.R.D. at 648 (dismissing second-filed complaint in California action where the case was first filed in Illinois, despite second-filer's arguments that convenience favored venue in California and that the first-filer filed his lawsuit in "bad faith" and "in anticipation [of the California action], merely for purposes of securing a favorable forum"). The reasoning of *Pacesetter* and *Ruckus* applies with greater force here.

In this case, there is no reasonable argument that Balan is hoping to obtain a "Home court advantage" or that she filed its Motion to Vacate the Final Award in Washington in "bad faith."

There is no reasonable argument that the Parties' dueling petitions are unrelated or that the Western District of Washington, which stayed the case pending resolution of the arbitration and appeal, is incapable of assessing the propriety of the Final Award. *Motion Picture Lab. Techs. Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d. Cir. 1986) (noting that an action to confirm arbitration and an action to vacate same are "essentially identical" actions). To the contrary, as explained by the United States Supreme Court in *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, is uniquely empowered to "confirm any ensuing arbitration award" in this case. 529 U.S. 193, 202 (2000) **("the court with the power to stay the action under [9 U.S.C. § 3] has the further power to confirm any ensuing arbitration award");**

*see also Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 276 (1932) ("We do not conceive it to be open to question that, where the court has authority under the statute, as we find that it had in this

1  case, to make an order for arbitration, the court also has authority to confirm the award or to set it aside
2  for irregularity, fraud, ultra vires, or other defect.").

3        If, however, this Court refuses to dismiss, this Court should transfer this Petition to confirm to
4  Washington.

5  **2. In the alternative, this court should transfer Tesla and Musk Petition to confirm to**
6      **Washington Court**

7        Even if this Court refuses to dismiss the Petition to Vacate, this Court should defer to the Wester
8  District of Washington because "the first-filed factor is dominant in determining which federal court
9  should proceed when the parties to an arbitration have filed cross motions to vacate and confirm the
10 award in different district courts." *Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 687-88 (8th
11 Cir. 2002) (affirming judgment of district court where lawsuit was first-filed; district court initially
12 stayed case and compelled arbitration and later lifted prior stay and confirmed arbitration award); *see*
13 *Alltrade, Inc. v. Uniweld Prods, Inc.*, 946 F. 2d 622, 628 (9th Cir. 1991) (explaining that such issues
14 "should be addressed to the court in the first-filed action");

15       *See B-S Steel of Kansas, Inc. v. Texas Indus., Inc.*, 2004 WL 946894, *5 (D. Kan. 2004) (venue
16 proper in jurisdiction where plaintiff initially filed suit, despite plaintiff's "disingenuous" argument
17 that venue was "improper due to the forum selection clause in the contract"; court reasoned that
18 plaintiff's arguments amounted to a "game of smoke and mirrors".).

19       "After all, "[i]t is well-settled that a party who elects to sue in a federal district court that stays
20 his suit under the FAA consents to the filing of a motion to confirm an arbitration award in that district."
21 (citing *Cortez Byrd Chips, Inc.*, 529 U.S. 193 (2000)).

23 **3. Tesla should have this case dismiss because they didn't allow Balan to ask for any**
24     **correction to the final award**

25       Tesla filed this petition to confirm the award not even 20 hours after the parties receive the
26 award from JAMS, depriving Balan to ask for any correction and they are a few. By doing that Tesla
27 broke quite a few rules. One of them is JAMS Rule 24 (k) which says

> (k) The Award is considered final, for purposes of either the Optional Arbitration Appeal Procedure pursuant to Rule 34 or a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, fourteen (14) calendar days after service if no request for a correction is made, or as of the effective date of service of a corrected Award.

Because Tesla filed their cases on the first and ninth day after service and we take into account JAMS rule, this case is not based on a final award. California Has a similar law 1288.4.

> "No petition may be served and filed under this chapter until at least 10 days after service of the signed copy of the award upon the petitioner"

For the same reason, to allow the parties to have a chance to correct the award if needed.

**CONCLUSION**

For all these reasons, this Court should enter an order Transferring or dismiss Tesla and Musk Petition to Confirm the Final Award.

Dated: February 22, 2022,                                    With respect

                                                                                    /s/  CRISTINA BALAN

                                                                                    Respondent, Pro Se