Cristina Balan
CBALAN.J2019@GMAIL.COM
150 E Laurel St, 246
Foley, AL 36535
*PRO SE for Respondent*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| TESLA MOTORS AND ELON MUSK<br><br>Petitioners,<br><br>vs.<br><br>CRISTINA BALAN,<br><br>Respondent | **Case No.: 4:21-cv-09325-HSG**<br><br>**RESPONDENT REPLY TO PETITIONERS OPPOSTION TO THE MOTION TO DISMISS OR TRANSFER** Date: June 30, 2022<br>Time: 2:00 p.m.<br>Dept: Courtroom 2 |

**I.  INTRODUCTION**

Respondent, Cristina Balan, hereby files this Reply to Petitioners, Tesla Motors and Elon Musk Opposition to Balan Motion to Dismiss, or, in the alternative, to Transfer their Second-Filed Petition to Confirm Arbitration Award to the United States District Court for the Western District of Washington, and as explain in the Balan's Motion to Dismiss this Court must either dismiss this California action or transfer Petitioners Petition to Confirm Arbitration Award to the because concurrent litigation is involving the same parties and issues has been underway there since January 15, 2019, to which the Washington Court spent a lot of time to understand and analyzed in depth the merits of the case, not just the arbitrability, as the Petitioners are so keen in misleading the court.

The defendants are presenting three reasons why they filed in this court, unfortunately none of them holds water and Balan will present the facts and the caselaw that confirm her request to dismiss

or transfer this Petition to confirm the award to the proper venue who has already jurisdiction over the case.

***First,*** the Petitioners first reason was because the arbitration was held San Francisco then automatically pursuant to 9 U.S.C. § 9 the appropriate court to decide is San Francisco. That is not correct and as this court, this circuit and even the supreme court clearly stated that the FAA 9 U.S.C. § 9 is not mandatory is permissive and as the case law will show Washington is the propre venue which has jurisdiction over the matter since January 15, 2019.

***Second***, the facts clearly shows that Washington, not California, is the first to file action and must analyze the issue. This California case and the Washington case is the same action and involve the same legal and factual issues, filed more then 3 years in Washington court and to make matters worse for the Petitioners they've never argued that Washington doesn't have jurisdiction, quite the opposite thru the district and the appeal court they reiterated that Washington has jurisdiction.

***Third,*** and the most critical of all is the Petitioners desperate attempt on trying to lure the court from clear facts, they are twisting the chain of events around Balan second claim she added against Elon Musk as the CEO of Tesla, not Elon Musk the citizen of South Africa or resident of California as individual. The Only reason Balan add Musk as an individual was because he made fun on Balan nation flag on September 2019, after Balan asked for a retraction from the defamatory email he exchanged who took place and was made public in August 2019, but that doesn't make him a necessary party, as individual. As the evidence will show Balan tried to add him multiple times on the district level before the end of the appeal Tesla file and everything was sent to arbitration.

***Fourth,*** Ms Balan would like to say "shame on you" to the Petitioners, but Balan doesn't believe they understand the meaning of that expression, for daring to accuse Balan of "forum shopping" when Balan didn't do anything else just to follow the law and even more in this particular case, followed the Petitioners direct instructions regarding the second claim of defamation.

Petitioners are forum shopping, as the facts are showing, are clearly the Petitioners which they've delayed the outcome of arbitration by not paying their fees to the arbitrator, but they rush to the court not even 20 hours after Balan claims were dismissed to file this Petition on November 24,

2021, and then they file it again on 10 days on December 2, 2021, later making a mess of this case docket, that even the court clerks were confused with Petitioners filing, not just Balan as pro se.

When Balan contacted the court clerk she needed a bit of time to investigate between clerks, but the email Balan received back said "it looks like the plaintiffs' attorney accidentally filed two cases", not what the Petitioners told the court in their opposition, and Balan tends to believe the court not the Petitioners taking into account the endless misleading statements they've says thru the course of this litigation, even under penalty of perjury without remorse. So, when the Petitioners are saying they filed on December 2, 2021, that is not true: *this Petition was **first filed** on November 24, 2021*.

**_Lastly,_** one more critical issue the court shouldn't overlook, is the fact that Balan was not properly served, which made Balan file her motion to quash on January 24, 2022 and even if Balan agreed, out of respect for this court, to sign a waiver in goof faith to speed thing up, that doesn't erase the fact that the Petitioners served Balan in thru a service agent of an inactive LLC, when they knew Balan temporary address, but the most critical thing which shows the *bad faith is the timing*: the Petitioners "magically" field their certificate of service to this court, "coincidently" only one day after Balan filed she motion to reopen to the Washington state, almost two weeks later after the day they illegally served Balan, and shy from the 21 days Balan had to respond to this court. This was not aleatory or random, was intentional, the thing that messed up the petitioners' plan, was the fact Balan did what was supposed to do per case law she study, and she filed her notice to vacate the arbitration award in the appropriate court who has jurisdiction over the case.

II.     **FACTUAL HISTORY THAT WERE OMITED BY THE PETITIONERS**

On February 22, 2019, Tesla answered to Balan's complaint **(Exhibit 1)** and their answer field with 17 affirmative defenses for the part in which Balan stated that Washington had the jurisdiction and venue over this case Tesla answer was "forth legal conclusions to which no response is required."

On May 3, 2019, Tesla was order by the court after they were call obstructionists after forging Balan signature on an improper joint status report, to meet and confer with Balan and submit a proper one as the court of Washington demanded stating: ***"Tesla has completed its portions of the Joint Status Report to advise the Court of its positions on these issues in the event its Motion to Compel Arbitration is denied."*** Tesla presented no issues whatsoever on jurisdiction, venue or choice of law!

On June 27, 2019, after analyzing in depth based on merits and Washington Law, the Western District of Washington granted in part and denied in part Tesla's motion to compel arb. *(Exhibit 2)*

> "The Parties appear to agree that Washington law controls in this case, both relying exclusively on Federal and Washington law in their briefs … And because the Court "sits in diversity, it must look to the forum state's choice of law rules to determine the controlling substantive law." Patton v. Cox, 276 F.3d 493, 495 (9th Cir. 2002); see also Burnside v. Simpson Paper Co., 123 Wn. 2d 93, 100 (1994) (noting that where a party does not address choice-of-law issues, a Washington court presumptively applies Washington law); see also RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187. **_The Agreement is therefore analyzed under Washington law_**"

An order to which Tesla soon appealed the decision, stating again that the Washington State has jurisdiction over the case and parties that was the proper venue. Tesla never dispute this fact thru district court, arbitration and appeal, quite the opposite.

On July 12, 2019, Balan commenced arbitration, which followed by the first conference call on October 14, 2019, to which both parties agreed that Washington Law as substantive law will apply to the arbitration as well as the evidence are showing. During this conference Tesla asked the arbitrator to stay the arbitration, because Tesla strongly felt that the claims in front of the arbitrator at the time will be finished by the time the appeal will be finalized and that they will be prejudice for paying for two arbitrations. Balan couldn't believe what she was hearing and emphasized that she was the one who paid for the filling fee even if it was Tesla's responsibility, to not delay the proceedings after Tesla ignored more than 18 emails and requests, till the date of the first call, but the arbitrator respond that non-payments are not his concern and asked her to talk with "the office" which was JAMS accounting.

Why is this important? Because after numerous attempts for Balan to recover her money for the filing fee without any success from JAMS, she decided to take the matter to the District Court

**On January 7, 2020**, Balan field a motion to reconsideration 60(b) *(Exhibit 3)* in which Balan is expressing her frustration about the unfair treatment of gems towards pro se litigants, material breach of the arbitration agreement by Tesla nonpayment of the filing fee and **very critical** letting the Judge know about a new defamation that occurred on August 8, 2019 made by the CEO of Tesla Elon Musk, not Musk as individual, described in detailed on 3 pages (Exhibit 3 at 12-14) And detailed more in the next chapter why Elon Musk it's not necessary party

//

### III. ARGUMENT

#### A. Elon Musk is not a necessary party to this case

Because Petitioners opposition is filed with Musk being an necessary party as another legal trickery to escape from vacate the arbitration award, Balan decided to clear this issue first.

It is well known and established by statements made by the court and Tesla during the course of the district court litigation that Balan tried to add her second claim made by the Tesla CEO Elon Musk before arbitration, thru her motion for reconsideration see Exhibit 3. Until the petitioners file their motion to dismiss in this case, all the parties involved, Balan, the Hon. Judge Pechman and Tesla, understood the same thing that the second claim it's still under Tesla as defendant, but through its CEO Elon Musk, not under Elon Musk as individual resident of California or citizen if South Africa.

On January 17, 2020, Tesla statement in their oppostion **(Exhibit 4)** to Balan motion for reconsideration, is very critical for the all the post arbitration filings and arguments Petitioners are now trying to lure the court that the second claim Balan add is against Elon Musk as individual when in fact is and always was as the CEO of Tesla , exactly like Balan describe it in her motion and again in her arbitration, everyone Tesla and the Court, understood the same thing:

> *"Ms. Balan claims that she has been further defamed since the initiation of her lawsuit and includes a summary of facts she believes support this assertion… to the extent she believes she has been further defamed, <u>her remedy for that is to amend her existing complaint to include her new allegations</u>"*

And is exactly what Balan wanted to do, to amend her complaint, but she couldn't, because:

On March 16, 2020, the Western district of Washington denied Balan motion without prejudice invited her to file again after the appeal, but the court understood the same thing what Balan said all along, that the second claim of defamation was and is against Elon Musk as the CEO of Tesla not as individual, as the Petitioners are trying get away from thru other legal trickery **(Exhibit 5)**

> "Plaintiff now moves for relief from the Court's Order pursuant to Federal Rule of Civil Procedure 60(b), asserting that Defendant has breached the Agreement by failing to pay the initial arbitration fee, the arbitrator has not conducted the arbitration fairly**, <u>and Tesla continues to defame Plaintiff.</u>** (Dkt. No. 47 at 3-16.00 [which is the Exhibit 4]

Plaintiff also argues that a new California law, SB 707, which requires the drafter of the arbitration agreement to pay the fees and costs within 30 days of the due date, supports her contention that Defendant is in material breach of the Agreement. Because this matter is currently on appeal, and the Court lacks jurisdiction,

Plaintiff's Motion is DENIED *without prejudice to bring these issues before the Court after the Ninth Circuit has issued a ruling on Defendant's appeal*"

But On April 22, 2021, Balan lost the appeal, and she couldn't add her claim at the district level, but in the same day the case was sent entirely to arbitration, Balan let the arbitrator know about the new claim; she was asked to wait for another month because the Tesla was to busy to start and she did.

On May 24, 2021, Balan added her new claim, clearly specifying that the new claim of defamation is against Elon Musk as the CEO of Tesla and describing the events that happened on August 8, 2019, same as Balan did in the court. Balan also describe what happed a month after Balan tried to ask Tesla to retract what was said about her and as the result Musk used his personal Twitter account to make fun of Balan national flag. Which was the only reason why Balan added Musk as a party, not because of the second defamation.

Balan let the Washington court know already, that even if she will ask to add the second claim against Tesla thru its CEO Elon Musk, if the arbitration award will be vacate, Balan decided she will not add Musk as a party because of the tweets Musk recent tantrums he thrown on his Twitter account even after he was order by SEC to have a sitter on everything that he is tweeting, after his $420 tweet which made Tesla and him pay $40 million in penalties; until very recently, a few weeks ago, to compare the Prime Minister of Canada with Hitler to the point the Auschwitz officials got offended and said something; and, going as far Musk called President Biden "a wet sock puppet." Balan decided to not add Musk as a Defendant on any post-arbitration proceeding for his attack on Balan's national flag, taking into consideration the tweets above.

To add the Elon Musk behaviors, on April 4, 2022, was announce worldwide, that because Elon Musk is being investigated again by SEC for breaking the settlement agreement between the two, with a strong possibility he will be forbite to have a twitter account, he decided to buy enough shares to become the majority shareholder in Twitter to overcome what he calls lack in freedom of speech, as a

lesson again to show his power in front of the law and that's not all, what shocked an entire world is the recent filing in the SEC case Musk and their lawyers submit to which as part of "other authorities" they've added and quoted from an Eminem song called "without me" 2002 to just mockup again the Legal System. Balan will not quote what the song says out of respect to this court, but it shocked her to read the lyrics of that song. (Exhibit 6)

Because of all the above Balan will not add Musk as a separate and necessary party, though the second claim against him as the CEO of Tesla still stands.

Looking back, maybe Balan could have been a bit more specific on the second claim, and why she believed added Musk, but the court should take into consideration she is just a pro se immigrant woman engineer and on top of that English is her forth language and even if Musk direct contacts and his Twitter PR are continuously making fun about her grammar mistakes, which hurts a lot, because even if I am a very good engineer worldwide, Balan's grammar lacks, and she is aware of that, nevertheless Balan believes all of us should be heard and have a change to justice, even the immigrant women STEM engineers like Balan and is well known that as the Ninth Circuit said "the court is to liberally construe the motions of pro se litigants." and look on the merits of the motion.

B. **THIS COURT SHOULD DISMISS TESLA SECOND-FILED CALIFORNIA ACTION BASED ON THE FIRST TO FILE RULE**

Petitioners or arguing that the legal issues and the parties in this matter are different: that is not correct.

This case is controlled by the 9th Circuit's first to file rule, under which this Court "must look to three threshold factors" to determine whether dismissal is appropriate: (1) "the chronology of the two actions"; (2) "the similarity of the parties"; and (3) "the similarity of the issues." *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). Here, each of these factors compels this Court to dismiss Petitioners California Action.

"In cases like this one, where 'two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit [because] no purpose would be served by proceeding with a second action."). *Pacesetter Syst., Inc. v.* 678 F. 2d 93, 94-95 (9th Cir. 1982)

The 9th Circuit follows the "first to file rule," which "permits [this] court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district court," *Pacesetter*, 678 F. 2d at 94-95, and "is dominant in determining which federal court should proceed when the parties to an arbitration have filed cross motions to vacate and confirm the award in different district courts." *Smart v. Sunshine Potato Flakes, LLC*, 307 F. 3d 684, 687-88 (8th Cir. 2002).

In short, (1) the parties in each action are identical; and (2)"there is no doubt that substantial overlap exists between this case and Petitioners California Action, as explained in Bala's Motion to Dismiss, this Court should dismiss Petitioner's California Action or transfer same to the Western district of Washington for that court to determine whether to relax the first-to-file rule. *See Motiv Power Sys., Inc. v. Livernois Vehicle Dev., LLC*, 2014 WL 94370 at *2 (N.D. Cal. 2014) ("relaxing the first-to-file rule . . . is a determination best left to the court in the first-filed action"; transferring second-filed California action to Michigan where the "issues to be litigated . . . [were] identical" and "the parties [were] nearly identical").

One It is also well-settled that a party who elects to sue in a federal district court that stays his suit under the FAA consents to the filing of a motion to confirm an arbitration award in that district") (citing *Cortez Byrd Chips, Inc.*, 529 U.S. 193 (2000)).

Tesla also moved to compel arbitration under the FAA under which actions to confirm or vacate an arbitration award may be brought in the "United States court in and for the district wherein the award was made" or in which the court had the power to stay the action, pending arbitration. *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 202 (2000) ("the court with the power to stay the action under [9 U.S.C.] § 3 has the further power to confirm any ensuing arbitration award"; reversing the 11th Circuit's holding that venue for motions to confirm, vacate or modify awards was exclusively in the district in which the arbitration award was made); *see also Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 276 (1932) ("We do not conceive it to be open to question that, where the court has authority under the statute, as we find that it had in this case, to make an order for arbitration, the court also has authority to confirm the award or to set it aside for irregularity, fraud, ultra vires, or other defect.").

Is true Under the arbitration agreements Tesla did specify that the arbitration will be held in San Francisco, California as the location for the arbitration of any disputes that may arise between them. Accordingly, Tesla moved the Western District of Washington the chosen venue, to compel arbitration in San Francisco, California, but the arbitration agreement does not specify a venue to hear a post-arbitration award confirmation or challenge, and as per Supreme Court decision 9 U.S.C. § 9 is not mandatory, but permissive, so is Washington is the proper venue for the post-arbitration decision in this case.

It is shocking how Tesla dare to mislead the court again in their opposition, that they never asked the court to stay the action, when the records shows clearly that Tesla asked the court to stay the action thru their motion to compel and even more clearly during their oral argument for the motion to compel arbitration.

As the order issued on June 27, 2019, the court stayed the case. This Matters even if the Washington court close the case after the court of appeal reverse and remanded that the entire case to arbitration, because after doing some research on all the cases Hon Judge Pechman had where she stayed the case, after the first status update after 180 days, which she is requesting from all parties, including in this case, she was closing or administratively close all the cases. That doesn't mean she lost jurisdiction, or she give up on her jurisdiction because she didn't literally say I am keeping the jurisdictions in over this case, as Tesla is trying to convince this court that because "Western District of Washington compelled all of Ms. Balan's claims against Tesla to arbitration without any indication that it intended to retain jurisdiction; it simply closed the matter" it means she lost jurisdictions.

Balan will like to give a few examples of post-arbitration cases, and Balan will start with one she found thru her research, in which this court and by coincidence the Hon Judge Haywood S. Gilliam, Jr. was involved in, the Dane smith v VMware, 4:15-cv-03750-HSG, in which the case was dismissed all of Plaintiff's remaining claims. After the arbitration one of the party returns to this court and asked to reopen the case and "As this is simply another step in the same case filed earlier, the Court grants Plaintiff's motion to reopen it." And the case continued and the motion to vacated analyzed. Other courts, like Washington, they first look over the merits of the motion first and after that they decide if they reopen it or not.

As some other circuits concluded when the cases who were "closed" not "dismissed", were seen as administratively close to not overload their dockets, as is up to the judge to decide to stay or close a case: See " Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 248–49 (3d Cir. 2013) "We conclude that the District Court's order, which closed the case and sent the parties to arbitration, did not deprive the court of jurisdiction. Because the District Court retained jurisdiction, it correctly entered a final order when it denied Freeman's motion to vacate"

Another example, which is even closer to Balan's case is a very recent one, where even after a case was reversed and remanded by an appeal court, as this one was one, *Ridgeway v. Nabors Completion & Prod. Servs. Co.*, 15-CV-3436-DDP-JPR, 2021 WL 2646902, at *1 (C.D. Cal. June 25, 2021) "As relevant here, the Ninth Circuit reversed and remanded this court's order denying Nabors' motion to compel arbitration. [..] pursuant to the Ninth Circuit's this court enforced the parties' arbitration agreement and *dismissed all* Ridgeway's individual claims against Nabors to proceed in arbitration [..] Ridgeway now Petitions to confirm the Final Arbitration Award and Nabors filed an Opposition and Request to Vacate the Final Arbitration Award." and the court analyzed and made a final decision on the case.

When Balan filed her motion to reopen on January 13, 2022, the Washington court didn't deny the request, or say they don't have jurisdiction, as Petitioners lure this court again, the court simply said "Whether it is reopened depends on the merits of the anticipated motion [to vacate]." Which Balan filed and Tesla opposed and as of Friday April 4, 2022, the motion to vacate is under submissions and it is analyzed as we speak.

Balan will not entertain the other statements even she doesn't agree with, but she would like to let the court know one more reason why Balan want Musk to be sanction for the way he tweets, is because of Musk influence and as many officials said lately Musk cult, Balan was forced to leave Washington state out of fear after she went home one day and found a threat taped to her door "If you love your son, you will drop your lawsuit", which turned her life upside-down. Balan stayed with family for a while, or family vacation houses and then covid came, which make her stay out of Washington for more than she planned for, but despite that Ms Balan still has a Washington driver's license and a lot of personal things in

Washington and hope to return home soon. Balan did not move to Alabama only temporarily. Balan also lived in Florida for 6 months, but again she still has things in Washington, she still has her LLC, a driver's license and still consider Washington her home state. And for tesla to compare her with the richest man on the planet as an inconvenience and in the "interest of justice" to move this case to California is beyond anything Balan can add due to page limit and decency.

### IV. CONCLUSION

This Court should grant Balan Motion to Transfer, so the court who spent years in analyzing the merits, not only the arbitrability of the case, to rule first if she think the matter should be transfer to this court or reopen in Washington, or in Alternative this court should stay, if not transfer the case, and let Hon Judge Pechman to come to her decision first on the motion to dismiss or transfer or vacate for the economy of the courts.

Dated: April 7, 2022,                                With respect

                                                      /s/ CRISTINA BALAN

                                                      Respondent, Pro Se