UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TESLA MOTORS, INC., et al.,

Plaintiffs,

v.

CRISTINA BALAN,

Defendant.

Case No. 21-cv-09325-HSG

**ORDER DENYING MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSFER PETITIONER'S PETITION TO CONFIRM ARIBTRATION AWARD**

Re: Dkt. No. 23

Pending before the Court is pro se Respondent Cristina Balan's motion to dismiss, or in the alternative, to transfer. Dkt. No. 23 ("Mot."). Ms. Balan seeks to dismiss the petition to confirm arbitration award filed by Petitioners Tesla Motors, Inc. and Elon Musk, or alternatively to transfer this case to the Western District of Washington. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **DENIES** the motion.

## I.   BACKGROUND

Ms. Balan filed a defamation lawsuit against Tesla in January 2019 in the United States District Court for the Western District of Washington, *Balan v. Tesla Motors Inc.*, No. 2:19-cv-0067-MJP (W.D. Wash. Jan. 15, 2019). *See* Dkt. No. 1 ("Pet.") ¶ 2; *see also* Mot. at 2. Ms. Balan alleged that in September 2017 the Huffington Post published an article about her. *See* Pet. at ¶ 3. She asserted that in response to this article, Tesla published defamatory statements about her, accusing her of stealing company money and resources while working for Tesla. *See id.* at ¶¶ 4–5. Tesla filed a motion to compel arbitration based on a provision in Ms. Balan's employment agreement. *Balan*, No. 2:19-cv-0067-MJP, Dkt. No. 17.

In April 2021, the district court compelled Ms. Balan's defamation claim to arbitration and

United States District Court
Northern District of California

1   closed the case.  *See id.*, Dkt. No. 75.  The arbitration agreement provided that the arbitration

2   should be conducted before JAMS in San Francisco, California.  Pet. ¶ 3, Ex. E.  During the

3   arbitration, Ms. Balan added Mr. Musk as a party and asserted a separate defamation claim against

4   him.  Pet. ¶ 12.  In November 2021, the arbitrator issued an award in Tesla and Mr. Musk's favor,

5   providing for a complete defense to all Ms. Balan's claims.  Dkt. No. 31 ("Opp.") at 3–4; *see also*

6   Pet. ¶ 15, Ex. D (Arbitration Award).  Petitioners filed a petition to confirm arbitration award in

7   this Court.  *See* Pet.  Ms. Balan then moved to dismiss the case.  Dkt. No. 23.  Several months

8   later, Ms. Balan filed a motion to vacate the same arbitration award in the Western District of

9   Washington.  *See Balan v. Tesla Motors Inc*, Case No. 22-cv-03890-HSG, Dkt. No. 83.  The

10  Washington court transferred that case to the Northern District of California.  *Id.*, Dkt. No. 102.

11  The case has been reassigned to this Court.  *See* Dkt. No. 40.  The parties' petition to confirm the

12  arbitration award and petition to vacate the arbitration award are thus both before this Court.

13  **II.   DISCUSSION**

14  At bottom, it is clear that Ms. Balan believes that any further litigation with Tesla should

15  occur in the Western District of Washington.  However, Ms. Balan has not provided a sufficient

16  basis for the Court to either dismiss the pending petition to confirm the arbitration award or

17  transfer the case.

18  *First*, Ms. Balan argues that the Court should dismiss the petition under the Ninth Circuit's

19  first-to-file rule.  *See* Mot. at 2–5.  Under this discretionary rule, a district court may "stay

20  proceedings if a similar case with substantially similar issues and parties was previously filed in

21  another district court."  *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237,

22  1239 (9th Cir. 2015).  The rule is intended to prevent duplicative litigation and to avoid the risk of

23  conflicting judgments.  *See id.* at 1239–40.  The rule does not, however, dictate where a petition to

24  confirm arbitration award may be filed.  Under the Federal Arbitration Act, the petition for

25  confirmation may be filed in a court in the district where the arbitral award was made.  *See* 9

26  U.S.C. § 9.  Nor is there any risk of duplicative litigation or conflicting judgments here.  The

27  Washington case is closed, not stayed.  Moreover, as noted above, the Western District of

28  Washington court transferred Ms. Balan's petition to vacate the arbitration award to the Northern

District of California.  *See Balan v. Tesla Motors Inc*, Case No. 22-cv-03890-HSG, Dkt. No. 102. The goals of efficiency and comity would not be served by dismissing this case.  The Court therefore declines to exercise its discretion to dismiss the petition under the first-to-file rule.

*Second*, Ms. Balan asserts that, in the alternative, the Court should transfer the Petition to the Western District of Washington.  Mot. at 5.  Ms. Balan does not explain the basis for her request.  *Id.*  From what the Court can discern, she simply appears to believe Washington is the proper forum, and she blames Petitioners for forum shopping and acting in bad faith.  *See* Dkt. No. 36 ("Rep.") at 2–3, 7–10.  As noted above, however, the Western District of Washington agreed that these cases should be heard in the Northern District of California.  To the extent Ms. Balan may believe transfer is warranted under 28 U.S.C. § 1404(a) or Federal Rule of Civil Procedure 12(b)(3), she has not provided any legal basis for that conclusion.  Under 28 U.S.C. § 1404(a), for example, Ms. Balan must show that transferring this action would be for the "convenience of the parties" or in the "interests of justice."  But it is not even clear that Ms. Balan still lives in Washington.  In her waiver of the service of summons and in her briefs in this case, Ms. Balan listed her address as Foley, Alabama.  *See* Dkt. No. 20; *see also* Mot. at 1; Rep. at 1.  Moreover, Tesla is headquartered in Texas, Mr. Musk resides in Texas, and the arbitration took place in San Francisco.  Opp. at 9–11.  The Court therefore sees no basis for transferring this case to the Western District of Washington.

## III.   CONCLUSION

The Court **DENIES** the motion to dismiss or in the alternative to transfer Petitioners' petition to confirm arbitration award.  Dkt. No. 23.

//

//

//

//

//

//

//

United States District Court
Northern District of California

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

The Court understands from Ms. Balan's motion to dismiss that she also challenges the merits of the petition to confirm the arbitration award. *See* Mot. at 5–6.  However, Ms. Balan did not file an opposition to the petition.  Ms. Balan is therefore **DIRECTED** to file any opposition to the Petition by August 12, 2022.  Petitioners may file a reply by August 19, 2022. Once the briefing is complete, the Court will determine whether a hearing is necessary.

**IT IS SO ORDERED.**

Dated:    7/26/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

4