UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESLA MOTORS, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CRISTINA BALAN,<br><br>    Defendant. | Case No. 21-cv-09325-HSG<br><br>**ORDER GRANTING PETITION TO CONFIRM ARBITRATION AWARD**<br><br>Re: Dkt. Nos. 1, 7 |

Pending before the Court is the petition to confirm arbitration award, filed by Plaintiffs Tesla Motors, Inc. and Elon Musk. Dkt. Nos. 1, 7. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the petition.

## I. LEGAL STANDARD

Section 9 of the Federal Arbitration Act ("FAA") provides that when presented with an application to confirm an arbitration award, the district court "must grant an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. "'Neither erroneous legal conclusions nor unsubstantiated factual findings justify a federal court review of an arbitral award.'" *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (quoting *Kyocera v. Prudential-Bache T Servs.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc)). Rather, grounds for vacating an award are limited to those specified by statute. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008) (holding Section 10 provides the FAA's exclusive grounds for vacatur of an arbitration award). Thus, the role of the courts in reviewing arbitration awards is extremely circumscribed. *See Southern California Gas Co. v. Utl. Workers Union of Am., Local 132, AFL-CIO*, 265 F.3d 787,

792 (9th Cir. 2001) (citing *Stead Motors v. Auto. Machinists Lodge*, 886 F.2d 1200, 1208, n.8 (9th Cir. 1989) (en banc)). The confirmation of an arbitration award is meant to be a summary proceeding. *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003).

The FAA authorizes courts to vacate an award when (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made. *See* 9 U.S.C. § 10(a).

## II. DISCUSSION

Here, Respondent raises a long list of complaints about the arbitrator (a retired California Court of Appeal Justice), the Petitioners, their lawyers or all of the above. Many of Respondent's arguments simply reargue merits issues resolved against her in the arbitration. Others accuse the arbitrator of lying, collusion or other misconduct with no factual support for these serious claims. None of Respondent's arguments come close to meeting the high standard required for a district court to decline to confirm an arbitration award, and on this record Petitioners are clearly entitled to the relief sought.[1]

## III. CONCLUSION

The Court **GRANTS** the petition to confirm the arbitration award. The Clerk is directed to enter judgment in favor of Plaintiffs consistent with this order and to close the case.

**IT IS SO ORDERED.**

Dated: 9/26/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Petitioners request judicial notice of an order entered by the arbitrator and an order entered by the District Court for the Western District of Washington. Dkt. No. 49. The Court **GRANTS** the request.